UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHANEL GUILLOU,

       Plaintiff,

vs.

THE TAX EXPERTS & BOOKKEEPING LLC,
a Florida corporation, and SANJO
ALLEN, individually,

       Defendants.
_____/

## **COMPLAINT**

      Plaintiff, CHANEL GUILLOU, by and through his undersigned counsel, sues the Defendants, THE TAX EXPERTS & BOOKKEEPING LLC, (hereinafter, "Company"), and SANJO ALLEN, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

      1.    Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

      2.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

      3.    The unlawful employment practices alleged herein occurred and/or was committed within this judicial district.

      4.    At all times material hereto, Plaintiff is/was a resident of this judicial district, employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and are conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, SANJO ALLEN, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff were 'engaged in commerce' within the meaning of the FLSA. Specifically, Defendant, Company, has been at all times material engaged in interstate commerce, and Defendant's annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. 2012) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal).

9. The Plaintiff was a non-exempt employee working solely for the Defendants.

10. During her employment, the Defendants intentionally required the Plaintiff, a non-exempt employee under the FLSA, to work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

11. Specifically, Plaintiff was working the front desk from October 15, 2018 to May 26, 2019 (with a month off in December).

12. Over these seven months, Plaintiff was working approximately 80 hours per week over seven days a week, yet was incredibly only paid $200.00 for this work on one occasion.

13. Defendants had promised her repeatedly that she was going to be paid once tax season picks up.

14. The excuses continued after that when Defendants claimed the government shut down was why she was not being paid.

15. Eventually, Plaintiff demanded her money to which Defendants said, "You did not have any, and you should not come in anymore;" firing her.

16. Using Plaintiff's supposed $10.00 rate, and $15.00 overtime rate, Plaintiff is owed approximately $1,000 per week.

17. Over her tenure, that would total $26,000.

## COUNT I
## FLSA MINIMUM WAGES AND OVERTIME - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above.

18. Plaintiff is entitled to minimum wages and time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA MINIMUM WAGES AND OVERTIME –SANJO ALLEN

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

20.     Plaintiff is entitled to minimum wages and time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

21.     By reason of the intentional, willful and unlawful acts of the Defendant, SANJO ALLEN in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, SANJO ALLEN for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA--RETALIATION-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

22.     That Plaintiff complained to the Defendant, Company, concerning violations of the FLSA.

23.     That, as a result of the Plaintiff's complaints, the Defendant, Company, intentionally, willfully and unlawfully retaliated against Plaintiff, in violation of the FLSA, by terminating her employment.

24.     That the Defendant, Company's decisions to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's complaints.

25.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA--RETALIATION-ALLEN

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

26. That Plaintiff complained to the Defendant, SANJO ALLEN, concerning violations of the FLSA.

27. That, as a result of the Plaintiff's complaints, the Defendant, SANJO ALLEN, intentionally, willfully and unlawfully retaliated against Plaintiff, in violation of the FLSA, by terminating her employment.

28. That the Defendant, SANJO ALLEN's decisions to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's complaints.

29. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, SANJO ALLEN, for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: January 31, 2020.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920